UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HUDSON COUNTY IMPROVEMENT AUTHORITY,**<br><br>Plaintiff,<br><br>BEAZER EAST, INC. et al,<br><br>Defendant. | Civil Action No. 24-cv-05822 (SDW) (CLW)<br><br>REPORT AND RECOMMENDATION |

<u>**CATHY L. WALDOR, U.S.M.J.**</u>

**I.     INTRODUCTION**

This matter comes before the Court on the motion of Plaintiff Hudson County Improvement Authority ("Plaintiff") to remand this matter to the Superior Court of New Jersey. (ECF No. 9). Defendant Beazer East, Inc. ("Beazer") opposed the motion, (ECF No. 16); Plaintiff has filed a reply, (ECF No. 17); and the Honorable Susan D. Wigenton, U.S.D.J. has referred the motion to the undersigned. In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Plaintiff's application without oral argument. Upon careful consideration of the record for this matter and for the reasons stated below, the Court respectfully recommends that Plaintiff's motion be **GRANTED**.

**II.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initially filed related litigation in New Jersey Superior Court in September 2023 (the "2023 Action"). (ECF No. 1-1). On October 25, 2023, Beazer timely removed Plaintiff's original state court action to federal court (Civil Action No. 23-cv-21474). Plaintiff named three defendants in the 2023 Action: Beazer, the New Jersey Department of Environmental Protection

("NJDEP"), and Morris Kearny Associates Urban Renewal, LLC ("Morris Kearny"). (2023 Action ¶¶ 1, 3, ECF No. 1-1). Beazer is a citizen of Delaware and Texas, NJDEP resides in Trenton, New Jersey, and Morris Kearny resides in Rutherford, New Jersey. (ECF No. 1). Plaintiff alleged that Beazer is responsible for maintenance and repair of a steel sheet pile wall ("SSP Wall") at the former industrial Koppers Koke Site (the "Site") in Kearney, New Jersey, in accordance with a 1998 Purchase and Sale Agreement and 2003 Settlement Agreement, both between Plaintiff and Beazer, and sought a declaration against Beazer to enforce certain contractual obligations in those agreements. (2023 Action ¶¶ 1-3, ECF No. 1-1). The 2023 Action joined NJDEP and Morris Kearny as defendants "for purposes of notice of the instant action" and stated that "no relief is being sought herein against the additional defendants." (*Id*. ¶ 3).

On November 25, 2023, Plaintiff filed a motion to remand that case to state court, which Beazer opposed. On April 3, 2024, after remand briefing was complete but before the District Court had ruled, Plaintiff voluntarily dismissed its case and commenced the instant action by filing a new complaint (the "Complaint") in the Superior Court of New Jersey, Hudson County (Docket No. HUD-L-0031-24, captioned *Hudson County Improvement Authority v. Beazer East, Inc., et al*.). In the Complaint, Plaintiff alleges that it and defendants Beazer, NJDEP, and Morris Kearny are parties to a series of related agreements (the "Site Agreements") that detail the parties' obligations relating to environmental remediation of the Site. (Compl. ¶¶ 1-4, ECF No. 1-2). The Complaint requests declaratory relief against each of the three defendants with respect to their respective remediation responsibilities under the Site Agreements. (*Id.* ¶¶ 4-9).

On May 3, 2024, Beazer timely removed Plaintiff's Complaint to this Court. (*Generally* Notice of Removal, ECF No. 1). On May 31, 2024, Plaintiff filed a Motion to Remand. (Pl.

Motion to Remand, ECF No. 9). Beazer filed an opposition on July 1, 2024. (ECF No. 16). Plaintiff filed a reply on July 8, 2024. (ECF No. 17).

### III. LEGAL DISCUSSION

In its Motion to Remand, Plaintiff argues two points: (1) subject matter jurisdiction is inappropriate under 28 U.S.C. § 1332 because Plaintiff and two of the pled defendants, NJDEP and Morris Kearny, reside in New Jersey, negating complete diversity;[1] and (2) in the alternative, even if this Court finds that complete diversity exists, remand would be warranted pursuant to federal abstention discretion. (ECF No. 9). In its Notice of Removal and opposition, Beazer argued that NJDEP and Morris Kearny are nominal and/or fraudulently joined parties to the Complaint. (*Generally*, Notice of Removal, ECF No. 1; Opp. Br., ECF No. 16). Accordingly, Beazer contends the Court should not consider NJDEP's and Morris Kearny's New Jersey citizenship in any diversity analysis. (*Id.*). In other words, Beazer argues that subject matter jurisdiction is appropriate under 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Beazer – the only properly joined defendant. (*Id.*).

#### A. The Propriety of Diversity Jurisdiction

Defendant Beazer removed this case pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a). (*Generally* Notice of Removal, ECF No. 1). Under that statute, district courts have original jurisdiction over all civil actions "where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). To properly remove a case to federal court based on diversity, a party must generally "establish that there is diversity at the

---

[1] As a subpart to this argument, Plaintiff contends that NJDEP and Morris Kearny were not fraudulently joined to the litigation as they are interested parties impacted by the declaratory relief sought in the Complaint.

time the complaint was filed and at the time of removal." *Piacentile v. Thorpe*, No. 12-7156 (ES), 2015 U.S. Dist. LEXIS 150090, at *5 (D.N.J. Nov. 5, 2015) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991); *Fry Metals Inc. v. Cheng*, No. 94-5206, 1995 U.S. Dist. LEXIS 4010, 1995 WL 138945, at *3 (D.N.J. Mar. 28, 1995)). 28 U.S.C. § 1447(c) provides that "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Third Circuit has cautioned that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d. Cir 1992) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Moreover, the "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Id.*

Here, the record reflects that while defendant Beazer is a citizen of Delaware and Texas for jurisdictional purposes, Plaintiff and defendants NJDEP and Morris Kearny are all citizens of New Jersey. (ECF No. 1, at 1-2). On the face of the Complaint, it therefore it appears that complete diversity does not exist, and thus it would be inappropriate for the Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. If, however, defendants NJDEP and Morris Kearney are nominal and/or fraudulently joined parties to the Complaint, as defendant Beazer argues, then the Court need not consider their New Jersey citizenship in its diversity analysis. Instead, the Court would be left with a New Jersey-based plaintiff and a single, Delaware- and Texas-based defendant. As discussed below, after applying the relevant legal standards to Plaintiff's factual allegations and legal claims, the Court finds that NJDEP and Morris Kearny are not nominal or fraudulently joined parties to this action. Without complete diversity, the District Court lacks subject matter jurisdiction over this case, requiring remand pursuant to 28 U.S.C. § 1447(c).

4

      **i.**      **Nominal and/or Fraudulent Joinder**

The Third Circuit considers as "settled precept" that "when a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question[2] the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff*, 977 F.2d at 851. Fraudulent joinder is a plaintiff-friendly doctrine that the removing party has "a heavy burden of persuasion" to show. *Id.* (quoting *Steel Valley*, 809 F.2d at 1012 n. 6).

The Third Circuit has held that "joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In Re. Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (citing *Batoff*, 977 F.2d at 851). "Nominal parties are generally those without a real interest in the litigation," which means "there is no reasonable basis for predicting that the party will be held liable" and thus their presence "does not affect diversity." *Bumberger v. Insurance Co. of North America*, 952 F.2d 764, 765, 767 (3d. Cir 1991); *Michaels v. State of N.J.*, 955 F. Supp. 315, 320 (D.N.J. 1996). "But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *In Re. Briscoe*, 448 F.3d at 217 (citing *Batoff*, 977 F.2d at 851). If there are "colorable claims" asserted against both diverse and non-diverse defendants, "the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims." *Batoff*, 977 F.2d at 851. Finally, "[i]n evaluating the alleged fraud, the district court must 'focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court

---

[2] The Claims in this action arise under state and common law. (*See generally* Compl., ECF No. 1-2).

must assume as true all factual allegations of the complaint.'" *Id.* at 851-2 (citing *Steel Valley*, 809 F.2d at 1010).

Here, Plaintiff alleges that each of the three defendants, Beazer, NJDEP, and Morris Kearny, has a "material stake" in the judgment it seeks from the court. (Compl. ¶ 4, ECF No. 1-2). Plaintiff further states that "there are material controversies between and among the Parties as to the interpretation of the Site Agreements and the allocation and priority of remediation responsibilities thereunder as further pleaded herein, causing [Plaintiff] to seek relief specific to each of the three defendants." (*Id.*). The Complaint details declaratory and injunctive enforcement relief sought against Beazer, NJDEP, and Morris Kearny; Plaintiff also alleges material disputes (i.e., "provisions in need of construing") regarding the interpretation and enforcement of remediation-related contract terms under the Site Agreements. (*Id.* ¶¶ 4-19). Plaintiff attached several of the relevant Site Agreements to the Complaint. (*See generally* Compl., ECF No. 1-2). In its Motion to Remand, Plaintiff states that "the interests of the parties are all directly connected" and that the urgent need to repair the "SSP [Wall] presents an immediate controversy implicating the interests of all the parties." (Pl. Motion to Remand, ECF No. 9, at 1, 5). Defendant Beazer, on the other hand, argues that this action "is a contractual dispute solely between [Plaintiff] and [Beazer]" and that Plaintiff's claims against NJDEP and Morris Kearny are defective as a matter of law. (Def. Opposition to Remand, ECF No. 16, at 1-2). Beazer also contends that NJDEP and Morris Kearny are nominal and/or fraudulently joined parties because the 2023 Action said that Beazer was responsible "at its sole cost" for maintenance and repair of the SSP Wall and that the other two defendants were named only "for purposes of notice." (*Id.*).

Following Third Circuit precedent, this Court may not consider the joinder of defendants NJDEP and Morris Kearny (each citizens of New Jersey) as fraudulent "unless the claims against

the non-diverse defendant[s] could be deemed 'wholly insubstantial and frivolous.'" *In re. Briscoe*, 448 F.3d at 219 (citing *Batoff*, 977 F.2d at 852). Assuming all factual allegations in Plaintiff's complaint are true, as this Court must, the Court cannot find that there is "no reasonable basis in fact or colorable ground supporting the claim[s] against the joined defendant[s]." *See id.* at 217, 219. Based upon Plaintiff's pleading, under the Site Agreements any of the three defendants could be responsible for remediation of the SSP Wall. (*See generally* Compl., ECF No. 1-2; Pl. Motion to Remand, ECF No. 9). Although Beazer argues that Plaintiff's 2023 Action did not seek any relief against NJDEP or Morris Kearny, implying they were fraudulently joined to the Complaint and thus their citizenship is "not relevant for purposes of diversity jurisdiction," this Court "must focus on the complaint at the time the petition for removal was filed." (Def. Opposition to Remand, ECF No. 16, at 1-2); *see In re. Briscoe*, 448 F.3d at 217 (citing *Batoff*, 977 F.2d at 851-2). Here, the operative pleading – the Complaint – alleges "material controversies" between Plaintiff and each of the three defendants. (Compl. ¶ 4, ECF No. 1-2). Therefore, none of Beazer, NJDEP, and Morris Kearny can be deemed "nominal parties" at this stage of the litigation, given that each could have "a real interest" in the matter. *See Bumberger*, 952 F.2d at 767. While this Court makes no determination about the merits of the claims against each of the three defendants, it finds that a state court could determine a cause of action against either of the "resident defendants," NJDEP and Morris Kearny. *See In Re. Briscoe*, 448 F.3d at 217 (citing *Batoff*, 977 F.2d at 851). Accordingly, the Court cannot presently conclude that the non-diverse defendants are nominal parties or were fraudulently joined. The continuing presence of defendants NJDEP and Morris Kearny destroys diversity, as Plaintiff and both these defendants are citizens of New Jersey. Therefore, the District Court lacks subject matter jurisdiction over this matter and must remand it to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c).

### B. Federal Abstention Discretion

Given this Court's determination that there is not complete diversity of citizenship between Plaintiff and defendants under 28 U.S.C. § 1332, and therefore remand is necessary in accordance with 28 U.S.C. § 1447(c), Plaintiff's argument about federal abstention discretion is moot.

## IV. CONCLUSION

As the District Court does not have subject matter jurisdiction over this matter, the Court finds that Plaintiff's Motion to Remand should be granted.

Based on the foregoing, it is on this 18th day of October, 2024,

**RECOMMENDED** that the District Court grant Plaintiff's Motion to Remand. (ECF No. 9).[3]

*s/ Cathy L Waldor*
**Hon. Cathy L. Waldor, U.S.M.J.**

---

[3] In accordance with Federal Rule of Civil Procedure 72 and Local Civil Rule 72.1, any objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.