<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUDSON COUNTY IMPROVEMENT AUTHORITY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BEAZER EAST, INC., et al.,<br><br>　　　　　　　　　Defendants. | Civil Action No. 24-5822 (SDW)(CLW)<br><br>**OPINION**<br><br>December 18, 2024 |

**WIGENTON**, District Judge.

　　Before this Court is the Report and Recommendation ("R&R") entered on October 18, 2024, by Magistrate Judge Cathy L. Waldor ("Judge Waldor"), (D.E. 18), recommending that Plaintiff Hudson County Improvement Authority's ("HCIA" or "the Authority") Motion to Remand to the Superior Court of New Jersey, Law Division, Hudson County (D.E. 9) for lack of subject-matter jurisdiction be granted. Upon reviewing the R&R, objections, and the record, this Court agrees with Judge Waldor's findings and recommendation to remand this action to the Superior Court of New Jersey, Law Division, Hudson County. However, this Court finds it necessary to address Defendant Beazer East, Inc.'s ("Beazer") objections to the R&R. (*See generally* D.E. 19.)

　　In her R&R, Judge Waldor addressed whether Defendants the New Jersey Department of Environmental Protection ("NJDEP") and Morris Kearny Associates Urban Renewal LLC

1

("Morris") were nominal and/or fraudulently joined parties to determine whether there is complete diversity under 28 U.S.C. § 1332 and removal was proper.[1]  (D.E. 18 at 3.)  Judge Waldor concluded that NJDEP and Morris "each could have 'a real interest' in the matter," such that neither is a nominal party.  (D.E. 18 at 7.)  As such, Judge Waldor concluded there is no subject-matter jurisdiction on the basis of diversity and that the Court must remand the case to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c).[2]  (*Id.*)

Pursuant to Federal Rule of Civil Procedure 72(b)(3), a district judge "must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to."  *See also* 28 U.S.C. § 636(b)(1) (same).  Beazer timely objected to Judge Waldor's findings on two grounds.  (D.E. 19.)  This Court will address each objection in turn.

I.  **Whether Plaintiff's Claims Against NJDEP & Morris are Defective as a Matter of Law**

First, Beazer contends the R&R failed to consider whether HCIA's claims against NJDEP and Morris are defective as a matter of law.  Beazer argues HCIA's claim against NJDEP seeking declaratory relief constitutes "an improper request for mandamus relief," both because the circumstances are not sufficiently extraordinary and such relief would interfere with NJDEP's enforcement discretion.  (D.E. 19 at 17–19.)  This Court finds, upon reviewing the Complaint, that Plaintiff's claim against NJDEP amounts to a cognizable claim for declaratory judgment under New Jersey's Declaratory Judgment Act ("DJA"), N.J. Stat. Ann. § 2A:16-50 *et seq*.

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).

[2] 28 U.S.C. § 1447(c) states:  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . The State court may thereupon proceed with such case."

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Fraudulent joinder occurs "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). The removing defendant bears the "heavy burden of persuasion" of demonstrating fraudulent joinder. *Batoff*, 977 F.2d at 851. Where there is "even a possibility" that the complaint properly states a cause of action against the defendant, the federal court "must find that joinder was proper and remand the case to state court." *Id.* (quoting *Boyer*, 913 F.2d at 111). In reviewing the complaint, the federal court must assume all factual allegations as true and resolve any uncertainties concerning applicable substantive law in plaintiff's favor. *Boyer*, 913 F.2d at 111.

The DJA permits a person "whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise" to have "any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder" determined. N.J. Stat. Ann. § 2A:16-53. New Jersey courts recognize the prohibition against advisory opinions and construe the DJA to "afford expeditious relief from uncertainty with respect to rights when claims are in genuine conflict." *Bell v. Stafford Twp.*, 541 A.2d 692, 696 (N.J. 1988); *In re N.J. Firemen's Assoc. Obligation*, 166 A.3d 1125, 1135 (N.J. 2017).

This Court concludes that the demand listed in HCIA's Complaint requesting NJDEP "appear and respond to Beazer's assertions . . . that the Authority is responsible for repair and

3

maintenance of the SSP and other remediation" amounts to a request for a declaration of legal relations among HCIA, Beazer, and NJDEP—all interested and affected parties. (D.E. 9-2 ("Compl.") at ¶ 111(c).) The requested relief is not seeking a declaration compelling NJDEP to undertake some specific, yet discretionary duty. *See Stern v. South Chester Tube Co.*, 390 U.S. 606, 608 (1968) (defining a mandamus action as one typically involving compelling a public officer to perform a ministerial duty). In *Stern*, the Supreme Court held that the lower courts erred in characterizing the plaintiff's request for an order directing the defendant corporation to permit inspection of plaintiff's books and records as a "plea for a writ of mandamus." *Id.* at 606–08. The Court held federal courts could afford the plaintiff a remedy, considering a state statute afforded plaintiff the relief sought. *Id.* at 609–10. Here, the DJA affords Plaintiff a remedy, such that HCIA's claim against NJDEP is not defective as a matter of law. *See id.*; *NL Indus., Inc. v. New Jersey Dep't of Env't Prot.*, 936 A.2d 469, 472 (N.J. Super. Ct. App. Div. 2007) (holding the plaintiff had a "sufficient stake" and properly brought an action for declaratory judgment against NJDEP where NJDEP sought to replace plaintiff as the remediating party over the subject property previously owned by plaintiff and hold plaintiff liable for the cost difference).

As to Morris, Beazer maintains that there is no ripe and actual controversy between HCIA and Morris because the letters Morris sent to HCIA do not reference the Steel Sheet Pile Wall ("SSP Wall") or threaten to take legal action. (D.E. 19 at 23.) Further, according to Beazer, even if the letters sought relief from HCIA, such relief would be contingent on this Court's characterization of the SSP Wall. (*Id.*)

A dispute that rests upon "contingent future events" that either may not occur as anticipated or at all is not ripe for judicial determination. *Sherwin-Williams Co. v. Cnty. of Delaware, Pennsylvania*, 968 F.3d 264, 272 (3d Cir. 2020) (quoting *Wyatt, Virgin Islands, Inc. v. Gov't of V.I.*,

4

385 F.3d 801, 805 (3d Cir. 2004)). Here, the factual allegations in Plaintiff's Complaint present an actual controversy. The Morris letters do not present a sufficient basis for this Court to find HCIA's claims against Morris are unripe. Plaintiff's Complaint claims that through the Morris letters, Morris "seek[s] to wrongfully shift, to the Authority, the responsibility and cost of uncompleted Site remediation, for which Beazer, as original party to the 1986 ACO, and Morris, as current owner of the Site, are responsible." (Compl. ¶ 9.) Plaintiff also asserts that Morris has breached its reimbursement obligations under the Morris Purchase and Sale Agreement. (*Id.* ¶ 10.) The allegations against Morris in Plaintiff's Complaint, taken together, present a ripe controversy. *See Sery v. Fed. Bus. Ctr.*, 616 F. Supp. 2d 496, 504 (D.N.J. 2008) (finding breach of contract counterclaim ripe where there was a sufficient record permitting the court to decide whether there was an express or implied contract). Overall, because neither the claims against NJDEP nor those against Morris are defective as a matter of law, there is no basis to find fraudulent joinder. *See Boyer*, 913 F.2d at 111.

II. **Whether NJDEP and Morris are Nominal Parties**

Beazer's second objection to the R&R is that it wrongfully concluded NJDEP and Morris are not nominal parties. (D.E. 19 at 32.) More specifically, Beazer argues NJDEP and Morris are nominal parties, lacking a sufficient interest in this contract dispute since the Complaint fails to allege either one is liable for the maintenance and repair of the SSP Wall. (*Id.* at 34–39.) As to NJDEP, Beazer relies on *Ramada Inns, Inc. v. Rosemount Memorial Park Association*, 598 F.2d 1303 (3d Cir. 1979) to argue NJDEP's regulatory oversight role is an insufficient basis on which to find a real interest. (*Id.* at 34–36.)

To address Beazer's latter argument first, this case is distinguishable from *Ramada Inns*. In *Ramada Inns*, a hotel chain and cemetery entered into a private contractual agreement for the

5

sale of a vacant tract of land. 598 F.2d at 1305. The Third Circuit concluded New Jersey—joined by virtue of N.J. Stat. Ann. § 8A:3-21[3]—was not a real party in interest because neither the complaint, nor the counterclaim, sought relief from the state. *Id.* at 1307. Not so here. Although NJDEP may not be a party to the 1988 Purchase and Sale Agreement ("PSA") between HCIA and Beazer, Plaintiff alleges Beazer assumed responsibility of certain remediation efforts contained in the 1986 administrative consent order ("ACO") between NJDEP and the original site owners, the Koppers Company, Inc., in subsequent agreements. (Compl. ¶¶ 1, 3, 5–8, 21–49.) Plaintiff also alleges Morris is seeking to hold it liable for Beazer's failure to complete site remediation. (Compl. ¶ 10.) Along with Plaintiff's request for relief from NJDEP and Morris, it is clear to this Court in reviewing the factual allegations contained in the Complaint that the series of agreements between the parties over the years raise genuine issues regarding who is responsible for payment of not only the SSP Wall, but also other areas of remediation.[4] The Complaint properly states a cause of action against all Defendants and thus, this Court "must find that joinder was proper and remand the case to state court." *See Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111).

Accordingly, this Court will adopt Judge Waldor's determination that diversity jurisdiction is lacking because NJDEP and Morris are not nominal parties in this matter. Based on the foregoing, and for good cause shown, it is hereby **ORDERED** that the R&R of Judge Waldor (D.E.

---

[3] "The Attorney General and the cemetery board shall be necessary and indispensable parties to any litigation involving or pertaining to a cemetery company." N.J. Stat. Ann. § 8A:3-21 (repealed 1979).

[4] In coming to this conclusion, this Court also takes judicial notice of the ongoing litigation, concerning the same site involved in this case, between Beazer and Morris in the New Jersey court system. *See Beazer East, Inc. v. Morris Kearny Assocs. Urban Renewal, LLC*, No. A-756-22, 2024 WL 4784977 (N.J. Super. Ct. App. Div. Nov. 14, 2024); Fed. R. of Evid. 201(c); *cf. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (explaining that on a motion to dismiss, a federal court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

18) is adopted as the conclusions of law of this Court.  Plaintiff's Motion to Remand to State Court (D.E. 9) is **GRANTED**.[5]

        **SO ORDERED.**

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        Cathy L. Waldor, U.S.M.J.

---

[5] Given that this Court lacks subject-matter jurisdiction, it declines to address Beazer's Motion to Dismiss (D.E. 4).